UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KARLA ANDREA THOMAS; ROBERT
BRENT MILLER,
<u>Plaintiffs-Appellants,</u>

v.

JOYCE DUGAN, Chief, individually,
and as Principal Chief of the

Eastern Band of Cherokee Indians;
EASTERN BAND OF CHEROKEE INDIANS;
TRIBAL CASINO GAMING ENTERPRISE
BOARD, and each individual board
member listed herein as John Does;
CHEROKEE TRIBAL CASINO,
<u>Defendants-Appellees.</u>

No. 97-2717

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CA-97-177-C-2, CA-97-178-T-2)

Submitted: November 17, 1998

Decided: December 31, 1998

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell L. McLean, III, LAW OFFICE OF RUSSELL L. MCLEAN,
III, Waynesville, North Carolina, for Appellants. Frank G. Queen,

BROWN, QUEEN, PATTEN & JENKINS, P.A., Waynesville, North Carolina; Michael L. Bonfoey, BROWN, WARD & HAYNES, P.A., Waynesville, North Carolina; Bradley B. Letts, Cherokee, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Karla Andrea Thomas and Robert Brent Miller appeal from a district court order that dismissed their civil action under Fed. R. Civ. P. 12(b)(6). Appellants alleged that their employment with the Cherokee Indian Tribal Casino was terminated because they are non-Indians and that such racial discrimination violated federal and state law. Because we agree with the district court's conclusion that the tribal entities are immune from such a suit, we affirm.

We review a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) de novo. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss for failure to state a claim should not be granted unless it appears that the plaintiffs can prove no set of facts which would support their claim and entitle them to relief. See id. (citations omitted). The court should accept all well pleaded allegations as true and view the complaint in the light most favorable to the plaintiffs. See id.

An Indian tribe is specifically excluded from the definition of "employer" under 42 U.S.C. § 2000e(b) (1994). Therefore, the district court properly held that Appellants' Title VII claims fail for that reason. Moreover, the district court properly found that Indian tribes generally enjoy a common law immunity from suit. See Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 478-79 (9th Cir. 1985). Tribal entities and individual tribal officers acting within their representative

2

capacity within the scope of their authority are also shielded by sovereign immunity. See id. at 479; see also Merrion v. Jicarilla Apache Tribe, 455 U.S. 130 (1982) (discussing tribal sovereign authority to tax). Indian tribes are "quasi-sovereign nations which, by government structure, culture, and source of sovereignty are in many ways foreign to the constitutional institutions of the Federal and State Governments." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 71 (1978). Thus, the district court correctly dismissed Appellants' federal claims on grounds of sovereign immunity. Because Appellants' federal claims were properly dismissed, so were the remaining state law claims. See 28 U.S.C. § 1367(c)(3) (1994).

For these reasons, we affirm the district court's order. We previously granted the parties' motion to submit this appeal on the briefs without oral argument because the facts and legal issues are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED